UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BARBARA JEAN KONE, )
)
Plaintiff, )
)
v. ) Civil Action No. 11-0054 (RJL)
)
DISTRICT OF COLUMBIA, et al., )
)
Defendants. )

## MEMORANDUM OPINION

This matter is before the Court on the District of Columbia's motion to dismiss. For the reasons discussed below, the motion will be granted.

## I. BACKGROUND

Plaintiff alleges that defendant discriminated against her on the basis of her age by terminating her employment as a special education teacher with the District of Columbia Public Schools ("DCPS") effective August 1, 2008.[1] See Compl. at 1. She filed a formal charge of

---

[1] It appears that plaintiff was terminated because she did not obtain the proper license. DCPS submitted the following statement to the EEOC:

> Ms. Kone's termination was based solely on her failure to attain her teacher licensure. Despite being repeatedly advised of the need to attain a teacher license Ms. Kone failed to meet all necessary requirements and still had not earned a passing score . . . on the Praxis I Math examination at the time of her termination. While DCPS acknowledges that Ms. Kone attempted on at least four occasions to pass the Praxis I Math examination, under the federal No Child Left Behind legislation, DCPS is required to ensure that all of its teachers are certified and highly qualified to teach.

* * *

(continued...)

discrimination with the Equal Employment Opportunity Commission ("EEOC"), and on September 21, 2010, the EEOC issued its right-to-sue letter. Compl., Ex. (Dismissal and Notice of Rights, EEOC Charge No. 570-2008-02337, dated September 21, 2010).

Plaintiff brings this action under the Age Discrimination in Employment Act ("ADEA"), see 29 U.S.C. §§ 621-34, and she demands "lost wages, back pay, benefits restoration, the value of health benefits for retirement, severance pay, compensatory damages, punitive damages due to pain and suffering[,] personnel file correction, attorney fees and court costs." Compl. at 2.

## II. DISCUSSION

### A. Plaintiff's Complaint Was Timely Filed

In relevant part, the ADEA provides:

> If a charge filed with the [EEOC] . . . is dismissed or the proceedings of the [EEOC] are otherwise terminated by the [EEOC], the [EEOC] shall notify the person aggrieved. A civil action may be brought under this section by a person . . . against the respondent named in the charge *within 90 days after the date of the receipt of such notice*.

29 U.S.C. § 626(e) (emphasis added). It is generally presumed that a person receives her copy of the EEOC's notice within three days of its issuance. *See Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 148 n.1 (1984) (applying the presumptive three-day allowance set forth in FED. R.

---

[1](...continued)
Ms. Kone did not meet all of [the] requirements. [She] received no fewer than five (5) letters reminding her of the teacher licensure requirement, that her continued employment was contingent upon complying with this requirement and that failure to comply would result in termination. All teachers who failed to satisfy the licensure requirement received these letters, regardless of their age. As a result of her failure to comply, Ms. Kone was notified on July 22, 2008 that she would be terminated effective August 1, 2008.

Compl., Ex. (Position Statement, EEOC Charge No. 570-2008-02337) ¶ 2 (internal citations omitted).

CIV. P. 6(e) for receipt of filings by mail); *Coleman v. Potomac Elec. Power Co.*, 310 F. Supp. 2d 154, 158 (D.D.C. 2004). Defendant moves to dismiss the complaint on the ground that it is untimely. *See* Mem. of P. & A. in Supp. of Def.'s Mot. to Dismiss ("Def.'s Mem.") at 3. According to defendant, "[a]fter applying the presumptive three days allowed for receipt by mail, plaintiff filed her complaint on the one hundred and seventh day i.e. seventeen days after the days allowed." *Id.*

Review of the Court's docket reveals that the Clerk of Court received plaintiff's complaint and application to proceed *in forma pauperis* on December 23, 2010,[2] that the Court approved plaintiff's application to proceed *in forma pauperis* on January 5, 2011, and that the Clerk of Court officially filed these documents on January 10, 2011. Plaintiff is not responsible for the delay between the date the Clerk of Court received her complaint and the date on which the Clerk officially enters the complaint on the Court's electronic docket. *See Guillen v. Nat'l Grange*, 955 F.Supp. 144, 145 (D.D.C. 1997) (finding a Title VII litigant "not responsible for the administrative delay associated with the Court's review of petitions to proceed *in forma pauperis* . . . . [T]he presentation of a complaint [and] a petition to proceed *in forma pauperis* tolls the ninety-day period of limitations . . . .") (citations omitted). Assuming that plaintiff received the right-to-sue notice on September 24, 2010, three days after its issuance, the last day on which she could submit her complaint to the Clerk of Court would have been ninety days later, on December 23, 2010. The Court concludes that plaintiff's complaint was timely filed. *See Stone v. Landis Const. Corp.*, 733 F. Supp. 2d 148, 151 (D.D.C. 2010) (denying motion to dismiss Title

---

[2] It is the Clerk's practice to date stamp the first page of a *pro se* plaintiff's complaint and application to proceed *in forma pauperis* upon receipt of the original papers.

VII and ADEA claims where the complaint was received five days before expiration of 90-day filing period calculated from the first date on which Clerk of Court received the complaint).

### B. Plaintiff Concedes Defendant's Remaining Arguments

Under Local Civil Rule 7(b), if a party fails to file a memorandum of points and authorities in opposition to a dispositive motion by the deadline set by the Court, "the Court may treat the motion as conceded." LCvR 7(b). "[A]n argument in a dispositive motion that the opponent fails to address in an opposition may be deemed conceded." *Rosenblatt v. Fenty*, 734 F. Supp. 2d 21, 22 (D.D.C. 2010)( citing *Bonaccorsy v. District of Columbia*, 685 F. Supp. 2d 18, 24 (D.D.C. 2010)) (other citations omitted); *Hopkins v. Women's Div., Gen. Bd. of Global Ministries*, 238 F. Supp. 2d 174, 178 (D.D.C. 2002) ("It is well understood in this Circuit that when a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.") ( citations omitted).

Defendant argues that the exclusive remedy for any claim regarding plaintiff's retirement falls under the District's Comprehensive Merit Personnel Act ("CMPA"), *see* D.C. Code § 1-601.01 *et seq.*, rather than a lawsuit in federal district court. *See* Def.'s Mem. at 4. In addition, defendant asserts that plaintiff failed to comply with mandatory notice requirements, *see* D.C. Code § 12-309, prior to seeking damages for any loss of retirement benefits. *See* Def.'s Mem. at 5-6. Plaintiff's opposition, although timely filed, addresses neither of the arguments defendant raised. The Court will treat defendant's two remaining arguments for dismissal as conceded. *See Hoffman v. District of Columbia*, 681 F. Supp. 2d 86, 94 (D.D.C. 2010) (granting as conceded the District's motion to dismiss because plaintiff failed to respond to its arguments for dismissal

of plaintiffs' claims against it); *see also Cummings ex rel. J.C. v. Woodson Senior High Sch.*, 563 F. Supp. 2d 256, 259 (D.D.C. 2008) ("The brief [plaintiff's counsel] filed . . . is filled with irrelevant legal principles and citations . . . , and does not address the substance of defendants' arguments as to why plaintiff's claims under the IDEA should be dismissed. As a result, the Court will dismiss plaintiff's IDEA claims.").

III. CONCLUSION

The Court finds that plaintiff timely filed her complaint. The complaint must be dismissed, however, because plaintiff has conceded the remaining arguments set forth in defendant's dispositive motion. The Court will grant defendant's motion and will dismiss this action. An Order accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge

DATE: